UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NINTENDO OF AMERICA INC., a Washington corporation,<br><br>        Plaintiff,<br><br>      v.<br><br>TROJAN TECHNOLOGY, INC., et al.,<br><br>        Defendants. | CASE NO. C04-2185C<br><br>ORDER TO SHOW CAUSE |

   This matter comes before the Court on Plaintiff's Motion for Default Judgment against the only remaining Defendant in this matter, Trojan Technology, Inc. ("Trojan") (Dkt. No. 76).

   (1)  Defendant Trojan is hereby ORDERED to SHOW CAUSE why the attached Proposed Default Judgment submitted by Plaintiff Nintendo of America Inc. ("Nintendo") should not be entered as a final judgment in this action.  Defendant must Show Cause by filing with this Court a SHOW CAUSE RESPONSE in accordance with the time frame set forth in Order (3) below.

   (2)  Plaintiff Nintendo is hereby ORDERED to (a) have this Order to Show Cause *and* the attached Proposed Default Judgment TRANSLATED into traditional Chinese; and (b) have

ORDER – 1

both the English and Chinese documents SERVED on Trojan by the same Letters Rogatory means and process used to serve the Complaint in this matter.  Specifically, Nintendo must file with this Court, no later than July 14, 2006, an Application for the Issuance of a Letter Rogatory (including verification that Nintendo will translate the relevant Letter Rogatory and other necessary documents, in addition to translating the Order to Show Cause and the Proposed Default Judgment), a Proposed Order granting such request for a Letter Rogatory, and a Proposed Request for International Judicial Assistance to effect service of all of these documents.  Upon this Court's approval and entry of the aforementioned proposed Order and proposed Request, Nintendo shall then initiate the procedure for service of all necessary English and translated Chinese documents by delivering such documents to the United States Department of State no later than July 31, 2006.  Nintendo is further ORDERED to file with this Court, no later than August 1, 2006, a NOTICE, accompanied by a signed declaration from an attorney of record in this matter, that such translation and initiation of service procedure has been carried out as ordered.

(3)  Defendant Trojan is ORDERED to RESPOND to this Order to Show Cause NO LATER THAN 30 DAYS AFTER RECEIPT OF OFFICIAL SERVICE from the Hsinchu District Court in Taiwan.  Such Response must include the following case reference: Case Number C04-2185JCC, Nintendo of America v. Trojan Technology, Inc., *et al.*  If Trojan does not have local counsel or counsel registered to use this District Court's Electronic Filing System (CM-ECF), then such Response must be directed in hard copy to:

Chambers of the Honorable John C. Coughenour
United States District Court
U.S. Courthouse
700 Stewart Street
Seattle, WA  98101
USA

ORDER – 2

Chambers will ensure posting on the Court's docket.  However, Trojan shall separately SERVE its Response on Plaintiff Nintendo.  The Court acknowledges that transmittal of such Response to this Court may take a significant amount of time, and advises Trojan to send its Response by the most expeditious means available to ensure receipt by this Court in a timely manner.  If the Court does not RECEIVE within 60 days after the date on which Trojan receives official service from the Hsinchu District Court in Taiwan (a) Trojan's Show Cause Response; *or* (b) any indication that Trojan intends to Respond and has complied with the 30-day Response deadline set forth above (*i.e.*, 30 days calculated from the date Trojan receives official service from the Hsinchu District Court in Taiwan) by sending its Response before the expiration of said 30 days, the attached proposed DEFAULT JUDGMENT MAY BE ENTERED against Trojan.

  (4) Taking into consideration the considerable time required to effect service of this Order to Show Cause and attached Proposed Default Judgment and to receive verification thereof from the United States Department of State, as well as the time that transmittal of Trojan's Response may take, the Court further CONTINUES the trial date in this matter, currently scheduled to begin on July 17, 2006, to February 26, 2007.

  SO ORDERED this 10th day of July, 2006.

*[signature: John C. Coughenour]*

John C. Coughenour

United States District Judge

ORDER – 3

## ATTACHMENT:
**<u>PROPOSED</u> DEFAULT JUDGMENT presented by Plaintiff Nintendo and made part of this Court's Docket at Document No. 76-2**

ORDER – 4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NINTENDO OF AMERICA INC., a Washington corporation,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>TROJAN TECHNOLOGY, INC., a corporation organized under the laws of the R.O.C., WHAT'S ON, INC., EITAN AVRAHAM, individually and d/b/a WHAT'S ON, INC., DANIEL KARPATI, individually and d/b/a WHAT'S ON, INC., SER LLC, SHLOMI BOARON, individually and d/b/a SER LLC, EREZ MOR, individually and d/b/a SER LLC, ASHER DANINO, MAESTRO NIMROD, the Marital Communities of all individual Defendants, AND DOES 1-10,<br><br>　　　　Defendants. | NO. CV 04-2185 C<br><br>DEFAULT JUDGMENT **[PROPOSED]** |

The Court has considered Plaintiff Nintendo of America's ("Nintendo's") Motion for Default Judgment against defendant Trojan Technology, Inc. ("Trojan"), together with all declarations and other papers filed in support of the motion. Based on the materials submitted and the other records and files in this case, the Court finds that:

ORDER – 5

    1.      Defendant Trojan was properly served with a copy of Plaintiff's summons and complaint.

    2.      This Court has personal jurisdiction over Trojan, and venue is proper in this district.

    3.      Trojan has neither appeared, answered nor otherwise responded to the complaint within the time permitted by the Federal Rules of Civil Procedure.

    4.      An order of default previously has previously been entered against Trojan.

    5.      Trojan is neither an infant, an incompetent, nor a person serving in the military of the United States.

    6.      As to Nintendo's first and second causes of action for trademark infringement under 15 U.S.C. §§ 1114 and 1125(a), and Washington State common law:

        a.      Nintendo owns the following ten trademarks, each of which is valid and enforceable and registered on the principal register of the United States Patent and Trademark Office:

| Title | Registration No. |
|---|---|
| Balloon Fight | 1454474 |
| Donkey Kong (2) | 1331984; 1328714 |
| Duck Hunt | 1377451 |
| Excitebike | 1379330 |
| Hogan's Alley | 1376107 |
| Ice Climber | 1467524 |
| Mario Bros. | 1303633 |
| Super Mario Bros. | 2345410 |
| Wild Gunman | 1400515 |

ORDER – 6

        b.     Trojan's actions constitute the use in interstate commerce of a reproduction, counterfeit, copy, or colorable imitation of registered trademarks of Nintendo in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion or mistake, or to deceive, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.  The violations of Section 32 of the Lanham Act also constitute the use of a counterfeit mark, as defined in Section 34(d) of the Lanham Act, 15 U.S.C. § 1116(d);

        c.     Trojan's actions constitute the use in interstate commerce of a false designation of origin, false or misleading description of fact, or false or misleading representation of fact which is likely to cause confusion or mistake, or to deceive as to the affiliation, connection, or association of the goods and services with Nintendo, or as to the origin, sponsorship, or approval of the goods and services provided by Trojan in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

        d.     Trojan's actions constitute trademark infringement under the common law of the State of Washington in that Trojan's use of Nintendo's trademarks in connection with infringing video game products is likely to confuse a significant number of customers into believing that Trojan or Trojan's products are sponsored by or are otherwise associated with Nintendo, or that the parties' products come from a common source;

        e.     Trojan knew of Nintendo's rights in Nintendo's trademarks and has knowingly, willfully and deliberately used Nintendo's trademarks in violation of Nintendo's rights;

        f.     Trojan's false designation of origin has been knowing, willful and deliberate, making this an exceptional case within the meaning of 15 U.S.C. § 1117; and

        g.     Nintendo has been, and continues to be, damaged by such acts in a manner that cannot be fully measured or compensated in economic terms, and Nintendo has no adequate

remedy at law.  Trojan's acts have damaged, and threaten to continue to damage, Nintendo's reputation and goodwill.

    7.    As to Nintendo's third cause of action for copyright infringement under 17 U.S.C. § 106 et seq.:

        a.    Nintendo owns the following 24 copyrights, each of which is valid and enforceable:

| Title | Registration No. |
|---|---|
| * Balloon Fight | PA 547 474 |
| Baseball | PA 518 656 |
| Donkey Kong | PA 547 470 |
| Donkey Kong 3 | PA 191 724 |
| Excitebike | PA 547 466 |
| Hogan's Alley | PA 260 315 |
| Ice Climber | PA 547 463 |
| Mario Bros. | PA 178 079 |
| Pinball | PA 547 460 |
| "Popeye" Audio-Visual Game | PA 154 248 |
| Soccer | PA 547 458 |
| Super Mario Bros. | PA 273 028 |
| VS. Balloon Fight | PA 247 651 |
| VS. Baseball | PA 219 072 |
| VS. Clu Clu Land | PA 246 926 |
| VS. Duck Hunt | PA 254 151 |

ORDER – 8

| | |
|---|---|
| VS. Excitebike | PA 254 906 |
| VS. Golf | PA 246 462 |
| VS. Ice Climber | PA 254 907 |
| VS. Pinball | PA 247 092 |
| VS. Soccer | PA 288 502 |
| VS. Tennis | PA 204 665 |
| VS.*Soccer | PA 606 776 |
| Wild Gunman | PA 284 965 |

        b.      Trojan's actions constitute a violation of Nintendo's exclusive rights in its copyrighted works under 17 U.S.C. § 106.  Trojan's actions constitute actual and direct infringement of Nintendo's copyrights in violation of 17 U.S.C. § 501;

        c.      Trojan knew of Nintendo's exclusive rights under the copyright laws of the United States.  Trojan's acts in violation of Nintendo's rights have been willful and deliberate; and

        d.      Nintendo has been, and continues to be, damaged by such acts in a manner that cannot be fully measured or compensated in economic terms, and Nintendo has no adequate remedy at law.  Trojan's acts have damaged, and threaten to continue to damage, Nintendo's reputation and goodwill.

        8.      As to Nintendo's fourth cause of action for violation of the Washington Unfair Business Practices-Consumer Protection Act, RCW 19.86.020, the Court finds that:

        a.      Trojan's actions constitute unfair methods of competition and unfair or deceptive acts or practices in the conduct of trade or commerce;

        b.      Trojan's conduct affected and was contrary to the public interest, tended to mislead a substantial portion of the public, and has injured Nintendo in its business and property in the State of Washington; and

ORDER – 9

    c. Nintendo has been, and continues to be, damaged by such acts in a manner that cannot be fully measured or compensated in economic terms, and Nintendo has no adequate remedy at law.  Trojan's acts have damaged, and threaten to continue to damage, Nintendo's reputation and goodwill.

 Based on these findings, and it being determined that no further proceedings are necessary before the entry of a default judgment and that such default judgment should be entered, it is hereby

 ORDERED AND ADJUDGED that:

 1. Nintendo's Motion for Default Judgment is GRANTED.

 2. Judgment is entered in favor of Nintendo and against Trojan on Nintendo's complaint.

 3. Trojan, its officers, agents, servants, employees, attorneys, heirs, successors, and assigns, and any persons acting in active concert or participation with Trojan are hereby immediately and permanently and forever enjoined from doing or causing the following to be done in the United States:

    a. using, or inducing or enabling others to use, Nintendo's trademarks or any reproduction, counterfeit, copy, or colorable imitation of said trademarks in any manner in connection with the manufacture, printing, distribution, advertising, offering for sale or sale of any goods or merchandise;

    b. using, or inducing or enabling others to use, Nintendo's trademarks or any reproduction, counterfeit, copy, or colorable imitation of said trademarks in any manner likely to cause others falsely to believe that Trojan's products are connected with Nintendo or are legitimate Nintendo products bearing the Nintendo Marks (hereinafter "Authorized Nintendo Products") when they are not;

    c. passing off, inducing, or enabling others to sell or pass off any products that are not Authorized Nintendo Products as authorized Nintendo products;

ORDER – 10

    d. committing any other acts calculated to cause purchasers to believe that the Trojan's products are Authorized Nintendo Products unless they are such;

    e. copying, distributing, or otherwise using any portion of Nintendo's copyrighted video game software, or any colorable imitation thereof, in any manner in the importation, manufacture, assembly, distribution, advertisement, promotion, offering for sale, or sale of goods or merchandise;

    f. importing, selling, distributing, lending, publicly performing or playing any unauthorized copy of any Nintendo copyrighted work;

    g. shipping, delivering, distributing, transferring, returning, holding for sale, destroying, or otherwise moving, storing or disposing of any infringing video game products or any components thereof or any other item or product bearing or used to reproduce any unauthorized reproduction, counterfeit, copy or colorable imitation of Nintendo's trademarks and/or Nintendo's copyrights; and

    h. destroying, transferring, altering, moving, returning, concealing, or in any manner secreting any and all infringing video game products, any components thereof, and any and all computer tapes or disks, business records, documents, emails, purchaser names and addresses, order histories, books of accounts, receipts, specifications, packaging and containers and other documentation relating or referring in any way to the manufacture, acquisition, assembly, distribution, advertisement, promotion, offer for sale or sale of any goods or merchandise incorporating any unauthorized reproduction, counterfeit, copy or colorable imitation of Nintendo's copyrighted video game software, Nintendo's trademarks and/or Nintendo's copyrights, or otherwise infringing Nintendo's intellectual property rights.

    i. marketing, selling, importing, supplying or otherwise providing any software or device that contributes to or induces the copying of Nintendo's copyrighted video game software; and

    j. unfairly competing with Nintendo.

ORDER – 11

4.         Pursuant to 15 U.S.C. § 1117(c)(2), Trojan shall pay Nintendo $10,000,000 in statutory damages (statutory maximum of $1,000,000 each for 10 infringed trademarks).

5.         Pursuant to 17 U.S.C. § 504(c)(2), Trojan shall pay Nintendo $3,600,000 in statutory damages (statutory maximum of $150,000 each for 24 infringed copyrights).

6.         Pursuant to 15 U.S.C. §§ 1125(c) and 1117(a), 17 U.S.C. § 505, and RCW 19.86.090, Trojan shall pay Nintendo its attorneys' fees and costs in the amount of $190,000.

7.         This judgment shall accrue interest, compounded annually, pursuant to 28 U.S.C. § 1961.

8.         This Court retains jurisdiction over this case for the purpose of enforcing this judgment.


DATED this _____ day of _____, 2006.


_____
HONORABLE JOHN C. COUGHENOUR
UNITED STATES DISTRICT COURT


Presented by:

 *s/ Susan Fahringer*
Susan Fahringer, WSBA # 21567
William C. Rava, WSBA # 29948
**Perkins Coie LLP**
1201 Third Avenue, Suite 4800
Seattle, WA  98101-3099
Telephone:  206-359-8000
Fax:  206-359-9000
E-mails:  SFahringer@perkinscoie.com
          WRava@perkinscoie.com
Attorneys for Plaintiff Nintendo of America Inc.


ORDER – 12